UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL WOJTANEK, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 790 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| CONSOLIDATED CONTAINER COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In January 2009, Mitchell Wojtanek brought suit against Consolidated Container Company, his former employer, alleging that Consolidated had harassed him on account of his age and discriminated against him on account of his age by firing him, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. *Wojtanek v. Consolidated Container Co.*, No. 09 C 202 (N.D. Ill. filed Jan. 13, 2009). In September 2011, the court granted summary judgment to Consolidated on those claims. *Wojtanek v. Consolidated Container Co.*, 2011 WL 4036126 (N.D. Ill. Sept. 12, 2011) (Mason, M.J.).

On February 4, 2011, while that suit was pending, Wojtanek filed the present suit against Consolidated. The complaint in this suit reasserts the same discrimination and harassment claims brought in the first suit, and adds a claim that Consolidated violated the ADEA's anti-retaliation provision. Doc. 7; *see* 29 U.S.C. § 623(d) (prohibiting an employer from retaliating against an employee who "opposed any practice" prohibited by the ADEA). The protected activity alleged as part of the retaliation claim was *not* filing the first suit or pursuing an administrative charge as a precondition to filing the first suit. Instead, the protected activity was

Wojtanek's complaint to a Consolidated manager about Consolidated's alleged pattern of age discrimination. Doc. 7 at ¶ 12. The administrative charge that Wojtanek filed as a precondition to filing this suit, which is attached as an exhibit to the complaint in this suit, details the basis for Wojtanek's retaliation claim:

> 1. In August 2005, I engaged in a protected activity when I complained to Robert Ward, Operations Manager, about the working conditions and how [Consolidated] was discharging the older employees and replacing them with younger ones.
>
> 2. On August 4, 2006, Digol Jacob, Supervisor, sent me home. … On August 23, 2006, during a meeting with Mike Ross, Human Resources Manager, I found out I had been discharged, effective August 4, 2006. …
>
> 3. The adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

*Id*. at pp. 7-8.

Consolidated moved to consolidate this suit with the first suit. Doc. 13. The court denied the motion because the parties had consented to a magistrate judge's jurisdiction in the first suit but not in this suit; the court nonetheless stayed this suit pending resolution of the first suit. Docs. 17, 18. After the first suit concluded, the court asked the parties to address how the judgment in the first suit impacted this suit. Doc. 19. Consolidated argued that the judgment was res judicata as to the discrimination and harassment claims in this suit. Doc. 20. Wojtanek argued that the judgment did not bar the retaliation claim in this suit. Doc. 21. Wojtanek is right on that score, but by not addressing the discrimination and harassment claims in this suit, he forfeited any argument that those claims are not precluded by the judgment in the first suit. *See Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924,

926 (7th Cir. 2007); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). Even putting aside forfeiture, the judgment in the first suit is preclusive of the discrimination and harassment claims in this suit. *See Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338-39 (7th Cir. 1995).

Now before the court is Consolidated's motion for summary judgment on Wojtanek's retaliation claim. Doc. 28. The material facts are stated as favorably to Wojtanek as the record, materials subject to judicial notice, and Local Rule 56.1 allow. *See Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012). Consolidated's motion is granted on the ground that the retaliation claim is time-barred.

Illinois is a "deferral state," meaning that individuals wishing to bring an ADEA claim must first file an administrative charge with the Illinois Department of Human Rights ("IDHR"). *See Kaimowitz v. Bd. of Trs. of Univ. of Ill.*, 951 F.2d 765, 766 (7th Cir. 1991); *Husch v. Szabo Food Serv. Co.*, 851 F.2d 999, 1001-02 (7th Cir. 1988). The IDHR cross-files its charges with the Equal Employment Opportunity Commission ("EEOC"), and a charge filed with the IDHR is considered simultaneously filed with the EEOC. *See Kauffman v. Petersen Health Care VII, LLC*, 2012 WL 2905262, at *1 (C.D. Ill. June 22, 2012); *Meier v. Country Fin.*, 2012 WL 983806, at *1 (N.D. Ill. Mar. 20, 2012). A complainant in a deferral state must file his administrative charge within 300 days of the allegedly unlawful practice. *See* 29 U.S.C. § 626(d)(1)(B); *Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 603 (7th Cir. 1992) ("In Illinois, an employee may bring an age discrimination suit under the ADEA only if he filed a charge with the EEOC within 300 days after the alleged unlawful practice occurred.") (internal quotation marks omitted). When the administrative proceedings are terminated, the EEOC

provides the complainant with a right to sue letter, and the complainant has 90 days from the date of receiving the letter to file a lawsuit. *See* 29 U.S.C. § 626(e).

Wojtanek's termination on August 4, 2006, is the last possible retaliatory act that Consolidated could have committed. Doc. 7 at ¶ 6 (where the complaint alleges that Consolidated "discriminated against" Wojtanek on August 4, 2006); *id*. at p. 8 (where the administrative charge alleges that Wojtanek was discharged "effective August 4, 2006"). Wojtanek accordingly was required to file his administrative charge of retaliation during the next 300 days, by early June 2007. But Wojtanek did not file an administrative charge alleging retaliation until January 16, 2008, months after the deadline had passed. *Id*. at ¶ 7.1 (where the complaint alleges that Wojtanek filed his administrative charge on January 16, 2008); *id*. at pp. 7-8 (the administrative charge). The retaliation claim accordingly is time-barred. *See Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675, 681 (7th Cir. 2007) ("Brown is time-barred from filing suit … for any discrete act about which he did not file an EEOC charge within the 300-day EEOC charging deadline.") (internal quotation marks omitted); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920-21 (7th Cir. 2000).

In an effort to avoid this conclusion, Wojtanek argues that his January 16, 2008 administrative charge "perfected" an administrative charge that he had filed on January 25, 2007, which predicated the filing of his first lawsuit. Doc. 39 at ¶¶ 2-3; Doc. 40 at ¶ 2. The first administrative charge was filed within 300 days of Wojtanek's termination. But Wojtanek's summary judgment papers do not say what "perfected" means and do not provide any argument or authority for the proposition that an employment discrimination plaintiff can satisfy the 300-

day filing period by "perfecting" a timely charge with an otherwise untimely charge. The "perfection" argument is therefore forfeited. *See Domka v. Portage Cnty., Wis.*, 523 F.3d 776, 783 (7th Cir. 2008) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."); *Beard v. Don McCue Chevrolet, Inc.*, 2012 WL 2930121, at *7 (N.D. Ill. July 18, 2012) (holding that forfeiture applied where the plaintiff "d[id] not cite or discuss any failure-to-promote cases whatsoever in the section of his brief devoted to his failure-to-promote discrimination claim").

Wojtanek's "perfection" argument fails on the merits in any event. The first charge alleged only that Consolidated had engaged in age discrimination by terminating Wojtanek based on his age; the charge says nothing about retaliation. *Wojtanek*, No. 09 C 202, Doc. 10 at pp. 7-8 (also reproduced in this case at Doc. 43 at 12-13). The EEOC sent Wojtanek his right to sue letter for that charge on November 19, 2008. *Wojtanek*, No. 09 C 202, Doc. 10 at 6. Wojtanek's retaliation claim did not fall within the scope of the first charge, and thus could not have been brought in the first lawsuit. *See Swearingen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010) ("Normally, retaliation and discrimination charges are not considered like or reasonably related to one another."); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 (7th Cir. 1988) ("Steffen's retaliation claim injects an entirely new theory of liability into the case alleging unlawful activity of a much different nature than the age discrimination alleged in the charge."); *Ekanem v. Health & Hosp.*, 724 F.2d 563, 573 (7th Cir. 1983) ("A charge that a given wage is too low because of unlawful *retaliation* is not the same as a charge that a given wage is too low because of unlawful *race discrimination*."). The second administrative charge alleged

retaliation, an entirely new claim, and did not cross-reference or purport to amend the first charge. Doc. 7 at pp. 7-8. It therefore cannot be said that the second charge "perfected" the first charge, let alone that it "perfected" the first charge in a manner that excuses Wojtanek's failure to file the second charge until months after the filing deadline had expired.

Wojtanek's retaliation claim is not saved by the exception to the exhaustion rule providing that "a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge." *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989); *see also Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs*, 343 F.3d 897, 898 (7th Cir. 2003) ("retaliation for complaining to the EEOC need not be charged separately from the discrimination that gave rise to the complaint, at least … if the person discriminated against and the person retaliated against are the same") (citations omitted); *Gawley v. Ind. Univ.*, 276 F.3d 301, 314 n.8 (7th Cir. 2001); *Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000); *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 482-83 (7th Cir. 1996); *Fentress v. Potter*, 2012 WL 1577504, at *2 (N.D. Ill. May 4, 2012). The reason is that this suit does not allege that Consolidated retaliated against Wojtanek for filing the first administrative charge; instead, as noted above, this suit alleges that Consolidated retaliated against Wojtanek for complaining to a manager about discrimination. Indeed, it would have been impossible for Wojtanek to allege that Consolidated fired him for filing the first administrative charge, as Wojtanek was terminated in August 2006, months before filing the first charge in January 2007.

Because Wojtanek's claim is time-barred, there is no need to address whether the record provides sufficient support for his retaliation claim as a substantive matter. Consolidated's summary judgment motion is granted.

One final matter warrants attention. Wojtanek filed two surreply briefs, Docs. 43, 44, and Consolidated moved to strike those briefs, Doc. 45. The motion to strike is denied as moot. Wojtanek's surreply briefs primarily address matters immaterial to the limitations issue, and to the extent they do address the limitations issue, they simply repeat what Wojtanek said in his properly filed summary judgment papers.

January 18, 2013                                          _____
                                                               United States District Judge